**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

ALLAH BURMAN,

      Petitioner,

v.                                                                    Civil Action No. 5:14cv153
                                                                      (Judge Stamp)

WARDEN R.A. PERDUE,

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 21, 2014, Allah Burman ("Petitioner") filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. On December 29, 2014, he paid the $5.00 filing fee. On January 5, 2015, Petitioner filed his petition on this Court's approved form. Petitioner is a federal inmate housed at FCI Gilmer and is challenging the validity of his conviction and sentence imposed by the United States District Court for the District of Maryland. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On January 29, 2003, a jury found Petitioner guilty of possessing cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and of conspiring to distribute more than 5 kg of cocaine, in violation of 21 U.S.C. § 846. Petitioner was sentenced to concurrent terms of 360 months of imprisonment. In an unpublished opinion, the United States Court of Appeals for the Fourth

---

[1]Petitioner's original case can be located on Pacer at 1:01cr115 for the United States District Court for the District of Maryland.

Circuit affirmed Petitioner's convictions and remanded for re-sentencing[2]. <u>United States v. Burman</u>, 151 Fed.Appx. 260 (4th Cir. 2005). Thereafter, the District Judge resentenced Petitioner to a term of 360 months in prison for each conviction, to be served concurrently, and a total of 10 years of supervised release. Petitioner again appealed, and the Fourth Circuit, in an unpublished opinion, <u>United States v. Burman</u>, 225 Fed.Appx. 198 (4th Cir. 2007), upheld Petitioner's convictions and affirmed his sentences of 360 months.

On May 16, 2008, Petitioner filed an Amended Motion under 28 U.S.C. § 2255, alleging four separate grounds to vacate his sentence: (1) the search and seizure warrant was legally insufficient, based upon tacit admissions and conditional acceptance; (2) the arrest warrant was legally insufficient, based upon tacit admissions and conditional acceptance; (3) the indictment was legally insufficient, based upon tacit admissions and conditional acceptance; and (4) the Government breached its contract based upon tacit admissions and conditional acceptance. On August 28, 2008, the Government filed its Response in Opposition and on July 29, 2009, the District Court denied Petitioner's 2255 Motion and, as well, denied a certificate of appealability. In total, it appears that Petition has filed eight Motions pursuant to 28 U.S.C. § 2255, all of which have been denied.

In his pending Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241, Petitioner seeks "immediate release from all illegal custody, both federal and state...and an order finding that – the legality of his detention is unlawful." In support of his requested relief, Petitioner alleges that he is being unlawfully restrained of his liberties upon information found by U.S. Probation Officer

---

[2]Petitioner's convictions and original sentences of 360 months occurred prior to the Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Because Petitioner was sentenced under the mandatory guidelines procedures, the Fourth Circuit remanded for resentencing. In ordering remand for resentencing, the Fourth Circuit stated that it was offering no criticism of the District Court judge, who followed the law and procedure in effect at the time.

Timothy Johnson. He further alleges that he is being unlawfully restrained of his liberties upon private statutes and codes that are not an Act of Congress and that he is actually innocent of committing an offense against the United States. Finally, he alleges that he is being illegally held in custody upon papers and receipts that are not in accordance with the Constitution, laws or treaties of the United States.

## II. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, a § 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255

motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. <u>United States v. Laurie</u>, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[3]

<u>Id</u>. at 333-34.

Although Petitioner does not raise the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of <u>Jones</u>, violations of 21 U.S.C. §§ 841(a)(1) and 846 remain criminal offenses.[4] Therefore, because the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the <u>Jones</u> requirements, the petitioner has not demonstrated that § 2255 is an inadequate or

---

[3]The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.28 U.S.C. § 2255; <u>see</u> <u>Jones</u>, 226 F.3d at 330.

[4]The undersigned recognizes that Petitioner claims that he is "actually innocent." However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the <u>Jones</u> requirements.

ineffective remedy and has improperly filed a § 2241 petition.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE** and his ex parte Emergency Motion (Dckt. No. 12) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 23, 2015.

_/s Robert W. Trumble_
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE