IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLAH BURMAN,

    Petitioner,

v.                                       Civil Action No. 5:14CV153
                                                    (STAMP)

R.A. PERDUE, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On November 21, 2014, Allah Burman ("Burman") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of a sentence imposed upon him in the United States District Court for the District of Maryland. The petitioner was convicted of possession of cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846. The petitioner was sentenced to a concurrent term of 360 months imprisonment. The petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit because Booker had been decided between the time of sentencing and the time of appeal. The Fourth

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Circuit upheld his conviction but remanded for re-sentencing. The District of Maryland re-sentenced the petitioner to 360 months for each conviction, to be served concurrently, and a total of ten years of supervised release. The petitioner again appealed his sentence. However, the Fourth Circuit affirmed.

The petitioner has filed eight motions pursuant to 28 U.S.C. § 2255, all have been denied and certificates of appealability have all been denied. The petitioner's first § 2255 petition addressed: (1) the insufficiency of a search and seizure warrant; (2) the insufficiency of an arrest warrant; (3) the insufficiency of the indictment; and (4) the government's breach of contract.

The petitioner then filed the instant § 2241 petition, arguing that he is actually innocent and that he is being unlawfully restrained based on information he has gained from United States Probation Officer Timothy Johnson.

This petition was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Trumble entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought. Further, the magistrate judge reported that even if the § 2241 relief was available through the savings clause of 18 U.S.C.

2

§ 2255, the petitioner cannot satisfy the Jones test and, therefore, is not entitled to the savings clause. In re Jones, 226 F.3d 328 (4th Cir. 2000).

The petitioner timely filed objections reiterating that he is being held illegally, is actually innocent, and requests immediate release. He also contests the magistrate judge's response to his petition instead of the warden. Finally, the petitioner asserts that the legal system is operating under the War Power Act and that the judicial branch rather than the executive branch should have jurisdiction over this claim and that it is this Court's duty to regain that power.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III. Discussion

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the

validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The "savings clause" in § 2255 permits certain claims to be brought under § 2241. The magistrate judge, however, reported that the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy. Although the petitioner did not clearly assert a claim under the savings clause in his petition, the magistrate judge found that if he had, the petitioner cannot rely upon it.

Having reviewed the magistrate judge's report and recommendation de novo, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F.3d at 1194 n.5 (citing Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988)).

Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d 328.

In this case, the petitioner has failed to establish the elements required by Jones. As the magistrate judge observed, the petitioner's offenses of conviction remain valid criminal offenses. Thus, the petitioner cannot meet the second element of Jones and is foreclosed from making an argument under the savings clause. Accordingly, the petition is denied.

Further, the petitioner's contention regarding the magistrate judge responding to his petition rather than the respondent is without merit. Pursuant to Local Rule of Prisoner Litigation Procedure 2, et seq., the magistrate judge is required to conduct a preliminary review of the petition to determine whether the petitioner's claims are frivolous, malicious, or fail to state a claim. After making such a review, the magistrate judge may then find that summary dismissal of the petition is warranted or not warranted. Only if the magistrate judge finds that summary dismissal is not warranted is he to direct the respondent to file

an answer.  As such, in this case, the magistrate judge correctly dismissed the petition summarily as it was clear that the petition did not meet the requirements of In re Jones and the savings clause.

IV. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety and the petitioner's objections are hereby OVERRULED.  Further, given this finding, the petitioner's ex parte emergency motion (ECF No. 12) is DENIED AS MOOT.  Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: April 9, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE